Boota v. Holder

BIA
Hom, IJ
A088 775 618

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand fourteen.

PRESENT:
> JON O. NEWMAN,
> RALPH K. WINTER,
> REENA RAGGI,
> *Circuit Judges.*

_____

MUHAMMAD BOOTA,
> *Petitioner,*

v.                                          12-1696
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Usman B. Ahmad, Long Island City, NY.

FOR RESPONDENT:           Stuart F. Delery, Acting Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Muhammad Boota, a native and citizen of Pakistan, seeks review of an April 13, 2012, order of the BIA affirming the March 22, 2010, decision of Immigration Judge ("IJ") Sandy Hom, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Muhammad Boota*, No. A088 775 618 (B.I.A. Apr. 13, 2012), *aff'g* No. A088 775 618 (Immig. Ct. N.Y. City Mar. 22, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The only issue before us is Boota's eligibility for asylum.

The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985),

2

*overruled, in part, on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). The harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili*, 433 F.3d at 341. Here, the agency properly addressed the cumulative harm described by Boota, and the context of that harm, in order to reasonably find that it was insufficiently severe to constitute persecution. *See id.; Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011); *Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005).

Boota testified to two instances of harm in Pakistan. In November 2006, he was attacked by unknown assailants, who hit him with their rifles and told him that in their religion, it was "good" to kill Shias, and, in December 2006, a group of people destroyed the Shia community center that Boota was helping to build, and then went to his home and told his mother that Boota should not rebuild the center, or they would come back and kill her, and "everyone else." While the harm Boota suffered in the initial attack was not insignificant, the context of both incidents — unidentified attackers, not military or police forces,

3

acting independently, not in the context of an arrest or detention — is such that the agency did not err in finding that the mistreatment, considered cumulatively, does not constitute persecution. *See Jian Qiu Liu*, 632 F.3d at 822 (a minor altercation with government officials, *prior to* petitioner's arrest and two day detention, did not constitute persecution); *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (the difference between harassment and persecution is one of degree, which must be assessed with regard to the context in which the mistreatment occurs); *Poradisova*, 420 F.3d at 79-80. Accordingly, the agency reasonably concluded that Boota did not suffer past persecution.

Because Boota did not suffer past persecution, he is not entitled to a presumption of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Independent from his claim of past persecution, Boota asserts a fear of future persecution because he has been an active member of the Shia community in the United States. However, the agency did not err in finding that Boota did not establish a well-founded fear of future persecution because he did not present any evidence that anyone in Pakistan knew of his activities in the United

4

States, or sought to harm him because of those activities, and his mother, wife, and children continued to live in Pakistan unharmed. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).

Boota further asserts that the BIA erred in concluding that there was no pattern or practice of persecution of Shia Muslims in Pakistan. *See* 8 C.F.R. § 1208.16(b)(2)(i) (providing that an applicant shall not be required to show that he will be singled out individually for persecution if he establishes that there is a pattern or practice of persecution of a group of similarly situated persons). To establish a pattern or practice of persecution against a particular group, a petitioner must demonstrate that the harm to that group is "so systemic or pervasive as to amount to a pattern or practice of persecution." *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007).

The record evidence, including the 2007 and 2008 U.S. Department of State Human Rights Reports on Pakistan, does show that there is religious discrimination and pervasive violence in Pakistan. However, the violence referred to in the State Department reports is primarily sectarian violence

5

between Shia and Sunnis, not solely violence against Shia Muslims by Sunnis and government forces. Moreover, the violence is concentrated in the Federally Administered Tribal Area, not throughout Pakistan, and not in Punjab, Boota's home province. While the reports do indicate that there is systemic discrimination against Shia Muslims, as well as other religious groups, discrimination does not generally constitute persecution. *See Santoso v. Holder*, 580 F.3d 110, 111 (2d Cir. 2009). As a result, substantial evidence supports the BIA's conclusion that the evidence did not show systemic or pervasive persecution of Shia Muslims in Pakistan. *See id.* at 112 (holding that where the agency's determination that an individual did not establish a pattern or practice of persecution is supported by background materials, the agency has provided a "sufficient basis" for its conclusion); *Mufied v. Mukasey*, 508 F.3d at 91.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

6

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk